1  Megan A. Richmond (SBN 170753)
   MEGAN A. RICHMOND, APC
2  655 West Broadway, Suite 1700
3  San Diego, California 92101
   Telephone: (619) 577-4253
4  Facsimile:  (619) 577-4250
   megan@therichmondfirm.com
5
6  C. Brooks Cutter (SBN 121407)
   CUTTER LAW P.C.
7  401 Watt Ave., Suite 100
   Sacramento, California 95864
8  Telephone: (916) 290-9400
   Facsimile:  (916) 588-9330
9  bcutter@cutterlaw.com
10
   Alexander E. Papaefthimiou (SBN 236930)
11 PAPAEFTHIMIOU APC
   1601 Carmen Drive, Suite 212D
12 Camarillo, California 93010
   Telephone: (805) 366-3909
13 Facsimile:  (805) 585-5410
   alex@aplitigation.com
14
15 *Counsel for Plaintiffs*

16
17            UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
18
19 | KARRENE PHILLIPS, WAYNE | CASE NO. **5:19-cv-01231** |
   | SHEPPERD and CLARENCE WOODS, | |
20 | individually and on behalf of all others | <u>COLLECTIVE ACTION</u> |
   | similarly situated, | [29 U.S.C. § 216(b)] |
21 | | |
22 |            Plaintiffs, | **COMPLAINT FOR VIOLATION OF** |
   | v. | **FAIR LABOR STANDARDS ACT** |
23 | | |
24 | COUNTY OF RIVERSIDE, a legal | **DEMAND FOR JURY TRIAL** |
   | subdivision of the State of California, | |
25 | and DOES 1–10, inclusive. | **CONSENTS TO SUE** |
26 |            Defendants. | |
27
28
   **COMPLAINT; DEMAND FOR JURY TRIAL; CONSENT TO SUE**

## PRELIMINARY STATEMENT

1. Plaintiffs, social workers and employees of Defendant COUNTY OF RIVERSIDE, bring this action, on their own behalf and on behalf of all others similarly situated, under the United States Fair Labor Standards Act, 29 U.S.C. § 216(b), for remedies arising out of Defendants' non-payment of overtime.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims asserted herein pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendant resides in this District for the purposes of the foregoing venue statute and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District.

## PARTIES

4. Plaintiff KARRENE PHILLIPS is an individual. Plaintiff PHILLIPS is a citizen of the United States of America and the State of California. Plaintiff PHILLIPS resides in this District. Plaintiff PHILLIPS was, at some point during the past three (3) years, employed as a non-exempt social worker by Defendant in the CHILDREN'S SERVICES DIVISION of Defendant's DEPARTMENT OF PUBLIC SOCIAL SERVIES (a "CSD Social Worker") in this District.

5. Plaintiff WAYNE SHEPPERD is an individual. Plaintiff SHEPPERD is a citizen of the United States of America and the State of California. Plaintiff SHEPPERD resides in this District. Plaintiff SHEPPERD was, at some point during the past three (3) years, employed as a non-exempt CSD Social Worker by Defendant in this District.

6. Plaintiff CLARENCE WOODS is an individual. Plaintiff WOODS is a citizen of the United States of America and the State of California. Plaintiff

COMPLAINT; DEMAND FOR JURY TRIAL; CONSENT TO SUE     1

WOODS resides in this District. Plaintiff WOODS was, at some point during the past three (3) years, employed as a non-exempt CSD Social Worker by Defendant in this District.

7. The additional persons who may become plaintiffs herein are also non-exempt CSD Social Workers who are or were employed by Defendant COUNTY OF RIVERSIDE and who worked overtime hours for said Defendant without receiving any or all of the compensation to which they are entitled.

8. Defendant COUNTY OF RIVERSIDE (hereinafter "Defendant") is a legal subdivision of the State of California, pursuant to Article 11, Section 1(a) of the California Constitution and Cal. Gov. Code § 23002.

9. Defendants DOES 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that the damages alleged herein were caused by such defendants.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs make the allegations contained herein on their own behalf and on behalf of all others similarly situated. The allegations contained herein are made upon personal knowledge as to Plaintiffs and their own acts and circumstances, and, as to all other matters, upon information and belief.

11. During the applicable limitations period, Plaintiffs were employed as non-exempt social workers by Defendant in the CHILDREN'S SERVICES DIVISION of Defendant's DEPARTMENT OF PUBLIC SOCIAL SERVIES ("CSD Social Workers").

12. The allegations of this Complaint are applicable to all CSD Social Workers employed by Defendant during the limitations period, including both current and former employees of Defendant.

13. Plaintiffs bring this action on behalf of themselves and on behalf of all other CSD Social Workers who were employed by Defendant within the applicable limitations period and who worked in excess of the maximum hours prescribed by 29 U.S.C. § 207(a) without payment of all of the overtime compensation required thereunder. If discovery so indicates, Plaintiffs reserve the right to amend this Complaint to assert a collective action on behalf of one or more sub-classes of social workers employed by Defendant's CHILDREN'S SERVICES DEPARTMENT.

14. Plaintiffs' position and situation is in all respects similar to, if not identical to, the other persons on whose behalf Plaintiffs bring this action. Plaintiffs reserve the right to seek to certify this action as a collective action with one or more sub-classes.

15. Plaintiff PHILLIPS consents to be a party plaintiff in this proposed collective action. The written consent of plaintiff PHILLIPS is attached hereto as <u>Attachment A</u>.

16. Plaintiff SHEPPERD consents to be a party plaintiff in this proposed collective action. The written consent of plaintiff SHEPPERD is attached hereto as <u>Attachment B</u>.

17. Plaintiff WOODS consents to be a party plaintiff in this proposed collective action. The written consent of plaintiff WOODS is attached hereto as <u>Attachment C</u>.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

18. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 17 of this Complaint as though fully set forth in this First Claim for Relief.

19. At all times relevant to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 203(r) and 203(s). At all times relevant to this Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and has employed and continued to employ social workers, including Plaintiffs, within the meaning of 29 U.S.C. § 203(g).

20. During the applicable limitations period, Plaintiffs were employed by Defendant as CSD Social Workers.

21. Pursuant to 29 U.S.C. § 207(a), the CSD Social Workers employed by Defendant, including Plaintiffs, are entitled to be compensated for all of the hours they work for Defendant, as well as time and one-half (1½) of their regular pay rate for each hour worked in excess of forty (40) hours per week.

22. During the applicable limitations period, Defendants frequently required, suffered, and/or permitted CSD Social Workers, including Plaintiffs, to work more than forty (40) hours per week without paying them all of the overtime compensation required by 29 U.S.C. § 207(a).

23. During the applicable limitations period, Defendants failed to accurately record, report, and/or preserve records of hours worked by CSD Social Workers, including Plaintiffs. To the extent such records exist, they are in the possession of Defendants and discoverable in this action.

24. Defendants' unlawful conduct has been repeated and consistent throughout Plaintiffs' entire period of employment as CSD Social Workers.

25. Defendants were aware that CSD Social Workers, including Plaintiffs, performed work that could not be completed in forty (40) hours per week and required them to work overtime.

26. Upon information and belief, Defendants were aware that CSD Social Workers, including Plaintiffs, worked uncompensated overtime.

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENT TO SUE**  4

27. Upon information and belief, Defendants' failure to pay overtime to CSD Social Workers, including Plaintiffs, was "willful" for the purposes of 29 U.S.C. § 255(a).

28. By reason of Defendants' foregoing conduct, CSD Social Workers, including Plaintiffs, have suffered harm and been damaged.

29. Plaintiffs and all others similarly situated are entitled to damages in the amount of all unpaid overtime from three (3) years immediately preceding the filing of this action, pursuant to 29 U.S.C. § 255(a). They are also entitled to liquidated damages, plus interest and costs as allowed by law, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper. They are also entitled to recover attorney fees and costs, pursuant to 29 U.S.C. § 216(b). Plaintiffs hereby seek all of the foregoing remedies for themselves and all others similarly situated.

30. WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, request relief as set forth in this First Claim for Relief and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs KARRENE PHILLIPS, WAYNE SHEPPERD and CLARENCE WOODS pray for the following, on their own behalf and on behalf of all others similarly situated:

A. Judgment against Defendants for an amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

B. Liquidated damages in an additional amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

C. Attorney fees and costs, pursuant to, *inter alia*, 29 U.S.C. § 216(b);

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENT TO SUE**                     5

    D.    A finding that Defendants' violations of law were willful and providing for a recovery period of three (3) years prior to the filing of this Complaint, pursuant to 29 U.S.C. § 255(a);

    E.    An award of prejudgment interest;

    F.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

    G.    Such further relief as the Court deems just and equitable.

Dated: July 2, 2019

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

Respectfully submitted by,

MEGAN A. RICHMOND, APC

/s/ Megan A. Richmond
Megan A. Richmond (SBN 170753)

655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 577-4253
Facsimile:  (619) 577-4250
megan@therichmondfirm.com

PAPAEFTHIMIOU APC

/s/ Alexander E. Papaefthimiou
Alexander E. Papaefthimiou (SBN 236930)

1601 Carmen Drive, Suite 212D
Camarillo, California 93010
Telephone: (805) 366-3909
Facsimile:  (805) 585-5410
alex@aplitigation.com

## DEMAND FOR JURY TRIAL

Pursuant to, *inter alia*, Amendment VII to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action triable by a jury.

Dated: July 2, 2019

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

Respectfully submitted by,

MEGAN A. RICHMOND, APC

/s/ Megan A. Richmond
Megan A. Richmond (SBN 170753)

655 West Broadway, Suite 1700
San Diego, California 92101
Telephone: (619) 577-4253
Facsimile:  (619) 577-4250
megan@therichmondfirm.com


PAPAEFTHIMIOU APC

/s/ Alexander E. Papaefthimiou
Alexander E. Papaefthimiou (SBN 236930)

1601 Carmen Drive, Suite 212D
Camarillo, California 93010
Telephone: (805) 366-3909
Facsimile:  (805) 585-5410
alex@aplitigation.com